# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8253 | **DATE** | February 7, 2011 |
| **CASE TITLE** | Tylon Hudson (#2009-1120252) v. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes the trust fund official at Plaintiff's place of confinement to deduct $13.18 as an initial partial filing fee from Plaintiff's trust fund account and to continue making deductions from the account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The clerk shall issue summonses for service of the complaint on Cook County Jail Officer Porshe Davis, Officer Blunt, Sheriff Tom Dart, Executive Director Godinez, and Superintendent Martinez. The other Defendants are dismissed. The clerk shall send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff, Tylon Hudson (#2009-1120252), an inmate at the Cook County Jail, has filed an 42 U.S.C. § 1983 complaint against fifteen jail officers, officials, nurses, doctors, and social workers. He seeks to file his complaint *in forma pauperis* and also seeks the appointment of counsel.

Plaintiff's *in forma pauperis* application reveals that he is unable to prepay the $350 filing fee. The court grants the motion and assesses an initial partial filing fee of $13.18. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct, when adequate funds exist, the initial filing fee from plaintiff's trust fund account and pay it to the clerk of court. After collection of the initial partial filing fee, the supervisor of inmate trust accounts is authorized to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and trust fund officers at the Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. Plaintiff may proceed with his claims against Cook County Jail Officers Porshe Davis and Blunt, as well as Sheriff Tom Dart, Executive Director Salvador Godinez, and Superintendent Moreci. However, his complaint does not sufficiently state claims against the other Defendants, and they are dismissed.

Plaintiff alleges that he had been prescribed Dilantin, an anti-seizure medication. One of the side effects of the medication is dizziness, and a doctor thus directed that Plaintiff have a lower bunk. On June 3, 2010, after returning to the jail from a hospital (Plaintiff does not state the reason for his hospital visit), an
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

unknown officer informed Plaintiff that he had been assigned to a top bunk. Plaintiff informed the officer of his medical need for a lower bunk, but the officer threatened to issue a disciplinary ticket if Plaintiff did not proceed to his assigned cell and bunk. Over the next several days, Plaintiff told officers on his unit (White, Sherman, Macklin, Farris, Harman, Bryant, and Johnson) as well as a supervisor (Chief Howell) of his need for a lower bunk; the officers explained that he was on a waiting list with other inmates who also needed lower bunks. On June 12, 2010, after taking his medication, Plaintiff fell from his bunk and landed on the concrete floor. He informed Officer Porshe Davis of his fall and requested medical attention, as well as a lower bunk. Officer Davis refused the requests. Plaintiff also saw Officer Blunt that day and informed her of his need for medical attention and a lower bunk. Officer Blunt refused.

Plaintiff was seen by Dr. Patel ten days later, who prescribed pain medication and muscle relaxers. Plaintiff visited Dr. Patel at least one more time and Dr. Monsour several times after. Plaintiff told both doctors that he continued to have back and neck pains, trouble sleeping, and problems sitting. Plaintiff was given pain medication and muscle relaxers at his visits, but his requests for physical therapy or a chiropractor were refused.

Plaintiff alleges that he wrote to Tom Dart, Salvador Godinez, and Superintendent Martinez regarding his need for a bottom bunk and his fall. Dart, Godinez, and Martinez, however, allegedly did nothing. Plaintiff states he also informed Denton, a social worker, of his need for a bottom bunk, but Denton indicated that he did not assign bunks and that he would not get involved with the decisions of jail officers.

Although a complaint need only provide enough information to sufficiently give notice of the claim and the grounds upon which it rests, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must also "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007). A complaint must do more than recite the elements of a cause of action, and mere labels and legal conclusions are insufficient to state a claim. *Bell Atlantic*, 550 U.S. at 555. Additionally, if a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Plaintiff's detailed complaint demonstrates that he has valid claims against some, but not all, of the Defendants. As against Defendants Davis and Blunt, who Plaintiff informed of his fall and his need for medical attention, Plaintiff has stated at least a colorable claim of deliberate indifference. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Plaintiff may be able to prove that these Defendants had subjective knowledge of Plaintiff's needs for medical attention and a bottom bunk, yet consciously disregarded those needs. Similarly, Plaintiff's informing Defendants Dart, Godinez, and Martinez of his fall and his need for a bottom bunk could establish a deliberate-indifference claim against these Defendants. *See id.*; *see also Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

However, with respect to the officers in Plaintiff's unit, he alleges only that, before his fall, he informed them of his need for a bottom bunk and they informed him that he was on the waiting list. Plaintiff alleges that they did not ignore his requests, but instead, informed him that he was on the waiting list, which assigned medically-required bottom bunks to the inmate who had been waiting the longest. Assuming Plaintiff's allegations are true, his placement on a waiting list for a bottom bunk for only several days because his medication had a side-effect of dizziness does not establish deliberate indifference. Although excessive delays for serious conditions can establish deliberate indifference, *see Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir. 2005); *Monk v. Luy* 2009 WL 5205439, 6, No. 09 C 646 (E.D. Wis. 2009) (Stadtmueller, J.) (delay of nearly two years for a bottom bunk could establish deliberate indifference), a delay of only a few days does not.
**(CONTINUED)**

| STATEMENT (continued) |
|---|

      Plaintiff's claims against the two doctors indicate that they did not act with deliberate indifference to Plaintiff's injuries. Plaintiff states that they examined him, prescribed pain medication and muscle relaxers, but refused to refer him to a chiropractor or physical therapy. (Complaint, 4-5.) Deliberate indifference, however, exists only when a physician consciously refuses to provide adequate treatment. Mere disagreement with a doctor's treatment plan or even negligence with the treatment prescribed does not give rise to a constitutional claim. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (mere disagreement with the course of treatment prescribed by a doctor cannot establish deliberate indifference); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (noting that prison doctors cannot be held liable for not being able to alleviate pain completely). Plaintiff's speculations that he needed a chiropractor or physical therapy are not enough to state a claim of deliberate indifference.

      Accordingly, under this court's preliminary review, Plaintiff may proceed with his complaint against Tom Dart, Salvador Godinez, Superintendent Martinez, and Officers Davis and Blunt. The clerk shall issue summonses for service of the complaint on these defendants. The other defendants are dismissed.

      The United States Marshals Service is appointed to serve the following Cook County Jail officials and officers: Tom Dart, Salvador Godinez, Superintendent Martinez, and Officers Davis and Blunt. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, officials at the Cook County Jail shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or for proof of service if a dispute arise. Any documentation of the address shall be retained only by the Marshal, and shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the defendants, or to defense counsel, if an attorney has entered an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

      Plaintiff's motion for the appointment of counsel is denied without prejudice. The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may represent himself competently at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).