# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8253 | **DATE** | July 19, 2011 |
| **CASE TITLE** | Hudson v. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

This order clarifies and supplements the court's order of July 5, 2011, allowing Plaintiff's amended complaint to proceed. Plaintiff may proceed with his amended complaint [34] against Defendants Porshe Davis, Lieutenant Blunt, Officer White, Officer Bryant and Superintendent Martinez. The clerk shall issue summonses for service of the first amended complaint [32] on White and Bryant. The deadline for Blunt, Davis and Martinez is extended until August 5, 2011, to respond to the first amended complaint. The remaining Defendants, Tom Dart, Salvador Godinez, Todd Stroger and Cook County are dismissed.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

In December 2010, Plaintiff Tylon Hudson, an inmate at the Cook County Jail, initiated this Section 1983 complaint against 15 jail officers, officials, nurses, doctors and social workers. On February 7, 2011, upon determining that Plaintiff sufficiently stated claims against some Defendants, but not all, the court allowed Plaintiff to proceed against Blunt, Davis, Dart, Godinez and Martinez. (R. 8.) In June 2011, Plaintiff submitted an amended complaint which better states and clarifies his claims and which seeks to add additional Defendants (White, Bryant, Stroger and Cook County). (R. 32.) On July 5, 2011, the court allowed the first amended complaint to be filed and to proceed against Defendants but did not address the newly named Defendants. (R. 33.) The court has now conducted a preliminary review of the first amended complaint, *see* 28 U.S.C. § 1915A, which reveals that Plaintiff may proceed with his amended complaint against Davis, Blunt, White, Bryant and Martinez, but not against the others named as Defendants.

Plaintiff's amended complaint asserts that on June 12, 2010, after he took certain medication, he became dizzy and fell from his upper bunk. (R. 32, Amended Compl. ¶¶ 1, 3.) Plaintiff indicates that the side effect of one of his medications necessitated him having a lower bunk and that he had a medical permit for a lower bunk. (*Id.* at ¶¶ 22, 33 (it is unclear if Plaintiff had the lower-bunk permit prior to his fall).) Plaintiff alleges that in May 2010, prior to his fall, he informed Martinez of his need for a lower bunk but that Martinez did nothing in response. (*Id.* at ¶ 9.) Plaintiff states that after the fall he sought medical treatment but that Davis refused his request. (*Id.* at ¶¶ 13-17.) Plaintiff later saw Blunt who also refused his request for medical care. (*Id.* at ¶¶ 18-21.) Sometime later, Plaintiff informed White and Bryant of Plaintiff's medical order for a lower bunk but neither officer did anything in response. (*Id.* at ¶¶ 23-25, 33.) Plaintiff states further that in April 2011, Davis threatened him to remove her from this lawsuit. (*Id.* at ¶ 28.) In the section following his request for relief, Plaintiff also asserts a claim of an unconstitutional policy or custom with inadequate medical care against Dart, Godinez, Martinez, Stroger and Cook County. (*Id.* at "Monell Claim" section of Amended Compl.) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978).)

isk

## STATEMENT

Plaintiff has stated a colorable claim of deliberate indifference to a serious medical need against Blunt and Davis with respect to his alleged need for immediate care following his fall. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Similarly, Plaintiff's allegations that White, Bryant, Martinez, as well as possibly Davis, ignored Plaintiff's requests for a bottom bunk despite his medical permit for one states a colorable claim of deliberate indifference. *Id; see also Knight v. Wiseman*, 590 F.3d 458, 465 (7th Cir. 2009) (prison officers may be held liable for forcing inmate to work despite knowledge of a permit restricting work for medical reasons). Accordingly, Plaintiff may proceed with his amended complaint against Davis, Blunt, White, Bryant and Martinez.

Plaintiff's amended complaint, however, cannot proceed against Dart, Godinez, Stroger or Cook County. Plaintiff seeks to hold these Defendants liable for a custom or policy of inadequate medical care at the Cook County Jail. (R. 32, Amended Compl. at "Monell Claim" section). Under *Monell*, a municipality may be held liable for a policy or custom that causes a constitutional violation to a person. *Monell*, 436 U.S. at 691. Plaintiff's assertions of a custom of inadequate medical care are too general and speculative to proceed. Plaintiff does not tie his assertions of such a custom or policy to the denial of medical care in this case and his attempt to generalize the alleged violations in his case to the whole jail system does not sufficiently state a claim. Some allegations are too "sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*; *see also Gonzalez v. Feinerman*, No. 11-170, 2011 WL 863451, *1 (S.D. Ill. March 20, 2011) (Murphy, J.) (quoting *Brooks*). Plaintiff's allegations of a system-wide inadequate medical care are thus dismissed. To the extent Plaintiff seeks to allege that Dart, Godinez and Martinez should be held liable for not addressing the general dangers of upper bunks for inmates, (*see* R. 33, Amended Compl. ¶ 10), his claim is without merit. Courts have routinely dismissed challenges to the lack of ladders or other access to upper bunks upon determining that such a condition does not pose a serious risk of harm. *See Robinett v. Correctional Training Facility*, No. C 09-3845 SI (pr), 2010 WL 2867696, *2 (N.D. Cal. July 20, 2010); *Brown v. Anderson*, C/A No. 6:09-2632-JFA-WMC, 2010 WL 199692, *2 (D.S.C. Jan. 13, 2010); *Jones v. Louisiana Dept. of Public Safety and Corr.*, No. 08-CV-1507, 2009 WL 1310940, *2 (W.D. La. May 11, 2009). Plaintiff should focus his claims on the denial of a lower bunk despite his medical permit for one and the alleged denial of immediate medical care following his fall from his upper bunk.

For the foregoing reasons, Plaintiff may proceed with his first amended complaint against Davis, Blunt, White, Bryant and Martinez and they should respond to the claims not dismissed. Defendants Blunt, Davis and Martinez, who have already been served with the original complaint and have entered an appearance are given until August 5, 2011, to respond to the first amended complaint. The clerk is directed to issue summonses for service of the amended complaint on Bryant and White. The Marshals Service may be used to serve these new Defendants and may forward a waiver of service to counsel for the other Defendants in accordance with Federal Rule of Civil Procedure 4(d). If the Marshals Service is unable to obtain a waiver of service, the Marshals Service must serve White and Bryant personally.